*Jiang v. Lynch*

BIA
A089 922 661

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

GUANG QING JIANG, AKA YANG,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

14-1374
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Meer M. M. Rahman, New York, New York. |
| **FOR RESPONDENT:** | Joyce R. Branda, Acting Assistant Attorney General; Jennifer Williams, Senior Litigation |

Counsel; Lance L. Jolley, Trial
Attorney; Office of Immigration
Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guang Qing Jiang, a native and citizen of the People's Republic of China, seeks review of an April 8, 2014 decision of the BIA denying his motion to reopen as untimely. *In re Guang Qing Jiang,* No. A089 922 661 (B.I.A. Apr. 8, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

The BIA's denial of Jiang's motion to reopen as untimely was not an abuse of discretion. Jiang's January 2014 motion was untimely, as he filed it over one year after the final order of removal was issued in July 2012. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day period for filing motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). Although failure to meet this time limitation may be excused if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Jiang did not establish changed conditions for pro-democracy activists in China.

Jiang asserted that "[a]s part of th[e] 'Jasmine' crackdown [in 2011], Chinese authorities have arrested activists and members of the China Democratic Party." Pet'r's Br. at 22. Although some of Jiang's evidence reflects that the "Jasmine Revolution" "has prompted the heaviest wave of arrests of Chinese activists for several years," Certified Administrative

3

Record at 265, the Chinese government has long banned the party and suppressed pro-democracy activity through arrests and detention. According to the U.S. Department of State's 2012 Country Report on Human Rights Practices, "the CDP [Chinese Democracy Party] remained banned, and the government *continued* to monitor, detain, and imprison current and former CDP members." *Id.* at 222. (Emphasis added.) It also reports that "[o]ther current or former CDP members . . . remained in prison or in RTL camps for their calls for political reform and their affiliation with the CDP." *Id.* at 225. One news article submitted by Jiang recounts the history of the CDP in China and waves of arrests and crackdowns that predate Jiang's hearing. Further, the evidence presented by Jiang does not pertain to returning Chinese nationals who have been politically active while abroad. Accordingly, Jiang's evidence showed no relevant or material change in conditions in China.

Further, contrary to Jiang's assertion, a change in personal circumstances while in the United States, such as his joining the National Committee Democratic Party of China ("DPC"), is not a changed condition that excuses failure to meet

4

the time limitation on moving to reopen. *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 274 (2d Cir. 2006) ("A self-induced change in personal circumstances cannot suffice."). To the extent that Jiang alleged a change particular to himself that might excuse his motion's untimeliness—the Chinese government's awareness of his political activity in the United States—the BIA did not abuse its discretion in declining to give weight to his evidence, a letter from his father and a statement from a DPC chairman in the United States. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight given corroborating evidence lies largely with discretion of agency). Jiang does not meaningfully challenge the BIA's decision to afford limited weight to these documents. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Moreover, given the lack of evidence that the chairman had knowledge of current conditions in China; the fact that Jiang's father's letter was an unsworn statement, prepared for the purpose of litigation by an interested party not subject to cross examination; and its underlying adverse credibility

5

determination with regard to Jiang, the BIA did not abuse its discretion in declining to give weight to the documents. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (upholding agency's refusal to credit applicant's individualized evidence supporting motion to reopen when adverse credibility determination was made in underlying proceedings); *Xiao Ji Chen*, 471 F.3d at 342; *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from interested witnesses not subject to cross examination), overruled *on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Jiang's failure to present objective evidence of the Chinese government's awareness of his political activities or a pattern or practice of persecution of individuals who were politically active outside of China meant that Jiang could not demonstrate either any material change in country conditions or his prima facie eligibility for relief. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam). Finally, we construe his public policy-based argument that the BIA should have reopened as an argument that the BIA should have

6

decided to reopen *sua sponte*; we lack jurisdiction, however, to review that "entirely discretionary" decision. *Ali*, 448 F.3d at 518 (citing 8 C.F.R. § 1003.2(a)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7